IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3139 |
| | ) | |
| v. | ) | |
| | ) | |
| OSCAR MARTIN RODRIGUEZ | ) | **MEMORANDUM AND ORDER** |
| CISNEROS, | ) | |
| | ) | |
| Defendant. | ) | |

Oscar Martin Rodriguez Cisneros (Cisneros) has submitted a timely Motion Under 28 U.S.C. § 2255.  (Filing 67.)  In a 54-page pleading, incorporating the arguments of a meandering brief, Cisneros raises sentencing and ineffective assistance of counsel claims.

Following initial review,[1] I deny the motion and dismiss it with prejudice.  It plainly appears that Cisneros is not entitled to relief.  Briefly, I next explain my reasoning.

---

[1]When a § 2255 motion is forwarded to a judge,

[t]he judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

## I.  BACKGROUND

After arresting Alison Layman (Layman) with 32.34 grams of methamphetamine, the government "flipped" her and she agreed to "set up" Cisneros. (PSR ¶¶ 9-11.)   She arranged a drug deal, and the police arrested Cisneros as he arrived to deliver 27.61 grams of methamphetamine and 14.11 grams of cocaine. (PSR ¶ 10.)   She told the police that these quantities were only the "tip of the iceberg."   She implicated Cisneros in between 5 and 15 kilos of methamphetamine and smaller quantities of cocaine.  (PSR ¶ 11.)

Cisneros retained Glenn A. Shapiro (Shapiro), a very experienced criminal defense lawyer.  Caught red-handed but unable to reach a plea-bargain with the government due to a dispute about drug quantity, Cisneros entered a plea of guilty to an indictment which charged him with a conspiracy and possession with intent to distribute drugs.  (PSR ¶¶ 1-3.)  At his plea hearing, Cisneros admitted under oath that he was responsible for the distribution of at least 500 grams of methamphetamine plus cocaine between October 1, 2005 and July 11, 2006.  (Filing 30 at CM/ECF pp. 22-23.)

Shapiro's primary argument was that Layman was the only witness against Cisneros on the question of drug quantity and I should not believe the large quantity attributed to Cisneros by Layman.  Accordingly, he objected (filing 34) to the drug quantity and the related base offense level of 36 set out in the presentence report (PSR ¶ 22), and he demanded that the government prove the point.

As a result of Shapiro's objection, an evidentiary hearing was held immediately prior to sentencing.  (Filing 54 (Transcript).)   The government called Layman to testify.  Layman explained that she was 28 years of age, that she had never been convicted of a felony or a crime of dishonesty prior to the instant case, that she had graduated high school, and that she had attended college for five-and-a-half years. (Filing 54 at CM/ECF pp. 35-36.)   At the time she testified before me, she had

already been sentenced to between 20 months and 60 months in state prison and the federal government had agreed not to prosecute her in this court provided she testified truthfully.  (Filing 54 at CM/ECF pp. 6-17.)

After the lawyers were done with their vigorous direct and cross-examination, I questioned Layman further.  Among other things, she told me that she made "[t]ens of thousands of dollars" from her dealing with Cisneros.  (Filing 54 at CM/ECF p. 36.)  When I asked her to give me a conservative estimate of the quantity of methamphetamine she obtained from the defendant, she stated "there's definitely no way it was less than 15 pounds."  (Filing 54 at CM/ECF p. 37.)

As was his right, Cisneros elected not testify.  (Filing 54 at CM/ECF p. 40.) Instead, Shapiro called Investigator James Sydick (Sydick) to testify that Cisneros had told police that he had "only" sold 42 ounces of methamphetamine and 8 ounces of cocaine to Layman.  (Filing 54 at CM/ECF p. 42.)   The government objected to this testimony, arguing that it was hearsay.  The government asserted that if Cisneros wanted to testify and be cross-examined he could do so, but he should not be allowed to put into evidence his unsworn and self-serving statements.  I overruled the objection, but noted that I would consider the circumstances of the statements when I decided who to believe.  (Filing 54 at CM/ECF p. 41.)  On cross-examination of Sydick, the government adduced evidence that Cisneros admitted to another police officer that he had received up to 18 pounds of methamphetamine from one of his sources of supply.  (Filing 54 at CM/ECF pp. 47-48.)

After Layman and Sydick testified, and following oral argument (filing 54 at CM/ECF pp. 53-60), I found by the greater weight of the evidence that the defendant was responsible for approximately 6.8 kilos of methamphetamine and approximately 8 ounces of cocaine.[2]   (Filing 54 at CM/ECF p. 60.)    I therefore denied the

---

[2]Based on methamphetamine only, this made the base offense level 36 even if one disregarded the relatively small amount of cocaine.  *See* U.S.S.G. § 2D1.1(c)(2).

defendant's objection to drug quantity and imposed a sentence at the low-end of the Guidelines.[3] That is, I sentenced the defendant to 151 months in prison and 5 years of supervised release. (Filing 54 at CM/ECF pp. 64-65.) In my statement of reasons, I recognized that "the Guidelines are advisory" and I explained that my sentence was imposed "to reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence and more generally to satisfy all the statutory goals of sentencing." (Filing 47 at CM/ECF p. 4.)

The defendant appealed, but the Court of Appeals affirmed the conviction and sentencing. (Filing 59.) The Court of Appeals rejected two arguments, one advanced by Shapiro and one advanced by Cisneros, acting pro se. The Court of Appeals rejected the argument asserted by Shapiro that I erred in determining drug quantity because Layman's testimony was inconsistent and impacted by her drug usage. (Filing 59 at CM/ECF p. 2.) The Court of Appeals also rejected the pro se argument that the sentence should have been based solely on the drugs in the defendant's possession at the time of his arrest. (Filing 59 at CM/ECF p. 2.) This 2255 motion followed.

## II.   ANALYSIS

Basically, Cisneros argues that: (1) I failed to follow *Apprendi* and *Booker* when I sentenced him (filing 67 at CM/ECF pp. 16-35); (2) I erred by failing to render particularized findings with regard to the drug quantity determination (filing 67 at CM/ECF pp. 36-41); and (3) Shapiro rendered ineffective assistance of counsel at sentencing. (Filing 67 at CM/ECF pp. 42-52.)[4] I reject all of Cisneros' arguments.

---

[3]The total offense level was 33 and the criminal history category was II. (Filing 54 at CM/ECF p. 61.)

[4]The brief submitted is of the "cut and paste" variety. For example, it erroneously refers to the "petitioner Rocha." (Filing 67 at CM/ECF p. 36.)

-4-

First, as to whether I followed *Apprendi* and *Booker*, if the defendant really wanted to raise such arguments, those arguments should have been but were not raised on appeal. As a result, those arguments are barred by the doctrine of procedural default. *See*, *e.g.*, *Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995) (section 2255 does not provide relief for "garden variety" [5] sentencing issues that were not the subject of a direct appeal). Even if those arguments would have been raised on appeal, they would not have been availing. As for *Apprendi*, the defendant admitted that he was involved in 500 grams or more of methamphetamine (filing 30 at CM/ECF pp. 22-23) and he thus made himself eligible for the sentence I imposed without the need for a jury determination of the facts regarding drug quantity. As for the *Booker* argument, I explicitly recognized that the Guidelines were advisory when I sentenced the defendant (filing 47 at CM/ECF p. 4) and, as a result, there was no error under *Booker*.

Second, as to my alleged failure to render particularized factual findings regarding drug quantity, that alleged error was not raised on appeal and is therefore defaulted. Even if that argument had been raised, it would have been rejected. Layman, who was credible, estimated that, conservatively, she obtained 15 pounds of methamphetamine from the defendant. (Filing 54 at CM/ECF p. 37.) Using the standard measurement conversion table found in the Guidelines at U.S.S.G. § 2D1.1, fifteen pounds of methamphetamine (at 0.4536 kg per pound) is slightly more than 6.8 kilos. I specifically found that the defendant was responsible for at least 6.8 kilos of methamphetamine. (Filing 54 at CM/ECF p. 60.) In this regard, I inquired of the lawyers whether they wanted any "further elaboration" of my findings, and both lawyers told me that they did not. (Filing 54 at CM/ECF p. 61.) They had no reason to require further findings. After all, the question was both obvious and simple: Did I believe Layman? In short, the defendant got all the particularized findings that he was entitled to receive.

---

[5] *Apprendi* and *Booker* principles are now "garden variety" sentencing law.

Finally, in order to prevail on his claim that his lawyer rendered ineffective assistance of counsel at sentencing, Cisneros must show that "'counsel's representation fell below an objective standard of reasonableness,'" and that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]'" *Nguyen v. United States*, 114 F.3d 699, 703-04 (1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)), but, when the record is reviewed, he falls far short on both counts. In this regard, an evidentiary hearing is unnecessary if the movant makes an insufficient preliminary showing on either or both prongs. *See*, *e.g.*, *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim).

The record reveals that Shapiro made a pointed attack on Layman's credibility. Layman's credibility was the central vulnerability of the government's case. The government's lawyer worked hard to bolster Layman's credibility. In fact, both lawyers did a good job and I complimented each of them, stating: "Thank you for your help, counsel. That was well submitted and well argued." (Filing 54 at CM/ECF p. 60.) The fact that Shapiro was not successful hardly demonstrates that his zealous defense of Cisneros at sentencing fell below an objective standard of reasonableness. Moreover, there is not the slightest reason to suppose that if Shapiro had done something different that the sentence would have been less.

IT IS ORDERED the Motion Under 28 U.S.C. § 2255 (filing 67) is denied with prejudice. A separate judgment will be issued.

DATED this 16th day of June, 2009.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge

-6-